IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON CHASE

      Plaintiff

v.

MELWOOD HORTICULTURAL
TRAINING CENTER, INC.

      Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Civil Action No.: 8:21-cv-00939

## **ANSWER**

Melwood Horticultural Training Center, Inc., by its undersigned attorneys, answer the Complaint, and for grounds state:

**PARTIES**

1. Admitted.

2. Admitted.

3. Defendant admits this Court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act, 209 U.S.C. § 201, *et seq.*, claim. Whether this Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 is a legal question to which no response is required. To the extent a response is required, it is denied.

4. Admitted to the extent this Court retains subject matter jurisdiction of all of Plaintiff's claims.

5. Admitted.

6. Defendant is without sufficient information to admit or deny the allegation in paragraph 6.

## FACTUAL BACKGROUND

### Chase's Allegations of Discrimination

7. Defendant is without sufficient information to admit or deny the allegation in paragraph 7.

8. Admitted that Defendant is a non-profit organization that provides jobs and opportunities, among others, to disabled individuals, among others. The remainder of the allegations in paragraph 8 are denied as stated.

9. Admitted that Defendant was contracted to provide services to the Department of Justice and Plaintiff was assigned to work on that contract. The remainder of the allegations in paragraph 9 are denied as stated.

10. Admitted.

11. Admitted that Melwood employees have access to its Human Resources department. The remainder of the allegations in paragraph 11 are denied as stated.

12. Admitted that Plaintiff was in the Lead Custodial Worker position on a contract between Defendant and the DOJ. Admitted that Robert Edwards was also in a Lead Custodial Worker position on the same contract. Admitted that Chamisa Banks was in a supervisory position on-site over Plaintiff and Robert Edwards. The remainder of the allegations in paragraph 12 are denied as stated.

13. Denied.

14. Denied.

15. Denied.

{00436418v. (15463.00013)}

16. Denied.

17. Admitted that Plaintiff complained to Defendant about supervisors, co-workers and customers. The remaining allegations in paragraph 17 are denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted Plaintiff took pictures of his work assignments. Defendant denies the remaining allegations in paragraph 21 as it does not know Plaintiff's motivation.

22. Denied.

23. Denied.

24. Denied.

25. Admitted that Plaintiff communicated with Latoshia Love, an HR Generalist at Melwood. The remaining allegations in paragraph 25 are denied.

26. Admitted that Plaintiff communicated with Latoshia Love, an HR Generalist at Melwood. The remaining allegations in paragraph 26 are denied.

27. Admitted that Plaintiff communicated with Latoshia Love, an HR Generalist at Melwood. The remaining allegations in paragraph 27 are denied.

**Melwood's Despicable Allegation to Terminate Chase**

28. Denied.

29. Defendant is without sufficient information to admit or deny the allegations in paragraph 29.

30. Admitted Plaintiff called Ms. Love. Defendant denies the remaining allegations in paragraph 30.

31. Admitted that Plaintiff spoke with Ms. Love. Defendant denies the remaining allegations in paragraph 31.

32. Admitted that Defendant placed Plaintiff on leave for threatening self-harm and requested he undergo a fit-for-duty psychological evaluation.

33. Denied.

34. Admitted Defendant terminated Plaintiff on December 20, 2019. The remaining allegations in paragraph 34 are denied.

35. Denied. Admitted that Ms. Banks is no longer employed by Melwood.

### Chase's Allegations of Unpaid Overtime

36. Admitted Defendant worked 40-hours per week. Admitted his work day included a 1-hour lunch break.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted that other janitorial staff worked at the same location as Defendant. The remaining allegations in paragraph 42 are denied.

### CAUSES OF ACTION

### Count 1: Maryland Fair Employment Practices Act
### Hostile Work Environment

43. Defendant reavers its Answers in paragraphs 1-42.

44. Denied.

45. Paragraph 45 is a summary of claimed damages to which no response is required.

WHEREFORE, Count 1 must be dismissed with prejudice.

### Count 2: Maryland Fair Employment Practices Act
### Retaliation

46. Defendant reavers its Answers in paragraphs 1-45.

47. Denied.

48. Paragraph 45 is a summary of claimed damages to which no response is required.

WHEREFORE, Count 2 must be dismissed with prejudice.

### Count 3: Violation of Fair Labor Standards Act
### (29 U.S.C. § 201 et seq.)
### Unpaid Overtime

49. Defendant reavers its Answers in paragraphs 1-49.

50. Paragraph 50 is statement of law to which no response is required.

51. Paragraph 51 is a legal conclusion to which no response is required. To the extent a response is required, paragraph 51 is denied.

52. Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is required, paragraph 52 is denied.

53. Denied.

54. Denied.

55. Paragraph 55 is a legal conclusion to which no response is required. To the extent a response is required, paragraph 55 is denied.

56. Paragraph 56 is a legal conclusion to which no response is required. To the extent a response is required, paragraph 56 is denied.

WHEREFORE, Count 3 must be dismissed with prejudice

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's termination was the result of unprofessional and insubordinate behavior.

### Third Affirmative Defense

Defendant's actions were for legitimate business reasons and were not based upon any reason in violation of public policy or other facts protected by law.

### Fourth Affirmative Defense

Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred because Defendant's conduct was privileged and/or justified under the law and undertaken for legitimate, nondiscriminatory reasons.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Sixth Affirmative Defense

Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

### Seventh Affirmative Defense

Plaintiff is not entitled to compensatory and punitive damages.

### Eight Affirmative Defense

Plaintiff impermissibly seeks double damages.

### Ninth Affirmative Defense

Defendant acted in good faith in making wage payments to Plaintiff and was unaware of any Fair Labor Standards Act violations alleged in the Complaint.

**Tenth Affirmative Defense**

Plaintiff has received all payments required by applicable law for all work that he performed for Fidelity.

Defendants reserves its right to amend or add additional affirmative defenses as they may become known.

Respectfully submitted,

/s/ Marc A. Campsen
Laura L. Rubenstein (Fed. Bar No. 26338)
Marc A. Campsen (Fed. Bar No. 29791)
Wright, Constable & Skeen, L.L.P.
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
Phone: 410-659-1300
Fax: 410-659-1350
LRubenstein@wcslaw.com
MCampsen@wcslaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2021, the foregoing was served on all counsel of record via ECF.

/s/ Marc A. Campsen
Marc A. Campsen (Fed. Bar No. 29791)
